Probate Court of Cuyahoga County.

IN RE ESTATE OF LOUISA K. ALLEN.

Decided September 21, 1933.

*Bloomfield, Orr & Vickery,* for applicant.
*G. M. Lennon & Locher, Green & Woods,* for opponents.

BREWER, J.

This matter is before the court upon an application for an order of distribution.

At the time of the death of Robert H. Hienton, husband the decedent, Section 8577, General Code, provided as follows:

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed of gift, devise or bequest, or under the provisions of Section 8574, General Code, then such estate, real and personal, shall pass to and vest in the children of such deceased husband, or wife, or the legal representatives of such children. If there are no children or their legal representatives living, then such estate, real and personal, shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from which such personal or real estate came, or their legal representatives.

"When such relict dies intestate and without issue, possessed of any real or personal property which came to such intestate under the provisions of the fifth sub-division of section eighty-five hundred and seventy-three, such estate shall pass and descend, one-half to the brothers and sisters of such intestate or their legal representatives, and one-half to the brothers and sisters of such deceased ancestor of whom said intestate is the relict, or their legal representatives."

The decedent, Louisa K. Allen, formerly Louisa K. Hienton, elected to take under the law rather than under the last will and testament of her husband, Robert H. Hienton. By this election she received forty-three shares of the stock in the Cleveland Railway Company, which she still owned at the time of her decease.

In the case of *Seney, Admr.* v. *Schrotch, Admr.*, 25 C. C., (N. S.), page 185, it was held that where the widow took her distributive share of the personal estate by favor of the provisions of Sections 10571 and 8592, General Code, and not under provision of Section 8574, General Code, the provisions of Section 8577, General Code are not effective to divert the descent of such personal property from her heirs generally.

The Legislature, by the enactment of Sections 10503-5, General Code, amended Section 8577, General Code, and provided as follows:

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such relict from any de-

ceased spouse by deed of gift, devise, bequest or *descent,* then such estate, real and personal, except for the intestate share of the surviving spouse, if any, of such relict, shall pass to and vest in the children of the deceased spouse from which such real estate or personal property came, or the next of kin of deceased children. If there are no children or next of kin of deceased children, then such estate, real and personal, except for the intestate share of the surviving spouse, if any, of such relict, shall pass and descend one-half to the brothers and sisters of such relict, or the next of kin of deceased brothers and sisters, and one-half to the brothers and sisters of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased brothers and sisters."

This section was amended prior to the decease of Louisa K. Allen. It will be noted that the word "descent" is in the amended Section. The question therefore presented is, whether the stock referred to should be distributed to the heirs at law or next of kin of Louisa K. Allen, or to the children of Robert H. Hienton, deceased, from whom his widow, Louisa Hienton Allen, received this stock.

It is contended that because she elected to take under the provisions of law that in accordance with the decision in the case of *Seney* v. *Schrotch,* the stock became her personal estate and was not governed by the provisions of Section 10503-5, General Code.

No principle is better settled than that the expectation of an heir presumptive is not a vested right, and the laws of descent may be changed at the pleasure of the legislature as to all the estate not already vested. Cooley Constitutional Limitations, page 360, *Gilpin* v. *Williams,* 25 O. S., page 283 at page 300, *Pollack* v. *Speidel,* 27 O. S. 87, page 94.

The court is therefore of the opinion that by virtue of the statute in force at the time of the death of Louisa K. Allen, deceased, the descent of the stock in question is determinable, and that an order of distribution directing that the same be distributed in equal portions to the children of Robert H. Hienton, deceased, should and will be entered.